IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| BRANDIN OLIVER, on behalf of himself and all others similarly situated | : : : |
| Plaintiff, | : |
| v. | : : |
| MOBILE MEDIC AMBULANCE SERVICES, INC. | : : : |
| Defendant. | : |

No. 1:24CV180-HSO-BWR

## JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

COME NOW, Plaintiff, Brandin Oliver and Defendant Mobile Medic Ambulance Services, Inc. (collectively "the Parties") who file this Joint Motion for Preliminary Settlement Approval. In support thereof, the Parties show as follows:

1. Before May of 2024, Mobile Medic Ambulance Services, Inc. ("Mobile Medic") provided emergency and patient relocation services, among others, to Harrison, Hancock, and Stone Counties. On April 30, 2024, Mobile Medic's contract with Harrison County terminated, affecting 84 employees. Of the 84 employees, 50 signed severance agreements which included a General Release of any claims against Mobile Medic, including claims under the Federal Workers' Adjustment and Retraining Notification Act ("WARN Act"). Another 11 signed a retention agreement indicating they would continue providing services on behalf of Mobile Medic. On May 24, 2024, Mobile Medic's contract with Hancock County terminated, affecting 27 employees. Of the 27 employees, 12 signed severance agreements which included a General Release of any claims against Mobile Medic, including claims under the WARN Act. Another 2 employees signed a retention agreement indicating they would continue providing services for Mobile Medic.

1

2. On or about June 14, 2024, Plaintiff, Brandin Oliver, filed a Class and Collective Action Complaint against Defendant Mobile Medic (the "Lawsuit") in which Count I claimed Mobile Medic violated the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act") for purportedly failing to provide the required 60 calendar day advance written notice to the employees that were terminated as a result of the Harrison and Hancock County contract termination. Count II claims Mobile Medic failed to pay overtime pay as required by 29 U.S.C. § 207, by allegedly failing to include, in the calculation of each employee's regular rate of pay, its retention bonus installments, sign on bonus installments, and stipends.

3. Over the following year, the Parties participated in formal certification-related discovery, informal merits-related discovery, and engaged in class and collective certification motion practice.

4. Mobile Medic denies liability under Count I and vigorously contends unforeseeable business circumstances led to the termination of the Hancock and Harrison County contracts, as much notice as was practical was given to affected employees, and, at all times, Mobile Medic acted in accordance with the requirements of the WARN Act. Mobile Medic likewise denies liability under Count II and vigorously contends all nondiscretionary, performance-based pay was properly included in the calculation of each employee's regular rate of pay and nonexempt employees were properly paid overtime under 29 U.S.C. § 207.

5. Notwithstanding, and without admitting or conceding any liability or damages whatsoever, the Parties reached an agreement to settle the claims brought in the Lawsuit. Mobile Medic has agreed to settle the Lawsuit on the terms and conditions outlined in the Settlement

Agreement. The Parties seek to avoid the burden, expense, and uncertainty of continuing the Lawsuit. The Parties attach, as Exhibit A, their Settlement Agreement.

6.  For the reasons set forth in the supporting Brief in Support of Joint Motion for Preliminary Approval of Settlement, the Parties ask the Court to enter an order (I) granting preliminary approval of the Settlement Agreement, (II) approving the form of the Notice of Settlement and Directing Notice to the Class, (III) scheduling a fairness hearing to consider final approval of the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure and (IV) approving the settlement of the FLSA claims brought in the Lawsuit.

This the 31st day of July, 2025.

By: */s/ William "Jack" Simpson*
William "Jack" Simpson, MBN 106524
Simpson, PLLC
100 S Main Street
Booneville, MS 38829
Phone: (662)913-7811
jack@simpson-pllc.com

**Counsel for the Plaintiff**

By: */s/ Maja Veselinovic*
Patrick F. Hulla (pro hac vice)
patrick.hulla@ogletree.com
700 W. 47th St., Suite 500
Kansas City, MO  64112
Telephone: (816) 410-2226
Facsimile: (816) 471-1303

Maja Veselinovic (pro hac vice)
Maja.veselinovic@ogletree.com
9130 S. Dadeland Blvd., Suite 1625
Miami, FL 33156
Telephone: (305) 374-0503
Facsimile: (305) 374-0456

Juan B. Hernandez (MS Bar No. 104787)
juan.hernandez@ogletreedeakins.com
One Allen Center
500 Dallas Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 655-5755
Facsimile: (713) 655-0020

**Counsel for Defendant**

3

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

This the 31st day of July, 2025.

                                              */s/ William "Jack" Simpson*
                                              William "Jack" Simpson