IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| BRANDIN OLIVER, on behalf of himself and all others similarly situated | : : : |
| Plaintiff, | : No. 1:24CV180-HSO-BWR |
| v. | : : |
| MOBILE MEDIC AMBULANCE SERVICES, INC. | : : : |
| Defendant. | : |

**UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL**

COMES NOW, Plaintiff, Brandin Oliver ("Plaintiff") and files this Unopposed Motion for Final Settlement Approval. In support thereof, Plaintiff would show as follows:

1. Prior to May of 2024, Defendant Mobile Medic Ambulance Services, Inc. ("Mobile Medic") provided emergency and patient relocation services, among others, to Harrison, Hancock, and Stone Counties. On April 30, 2024, Mobile Medic's contract with Harrison County terminated, affecting 84 employees. Of the 84 employees, 50 signed severance agreements which included a General Release of any claims against Mobile Medic, including claims under the Federal Workers' Adjustment and Retraining Notification Act ("WARN Act"). Another 11 signed a retention agreement indicating that they would continue providing services on behalf of Mobile Medic. On May 24, 2024, Mobile Medic's contract with Hancock County terminated, affecting 27 employees. Of the 27 employees, 12 signed severance agreements which included a General Release of any claims against Mobile Medic, including claims under the WARN Act. Another 2 employees signed a retention agreement indicating they would continue providing services for Mobile Medic.

1

2. Plaintiff, Brandin Oliver, filed a Class and Collective Action Complaint against Defendant Mobile Medic, on or about June 14, 2024, (the "Lawsuit") in which he claimed that Mobile Medic violated the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act") for purportedly failing to provide the required 60 calendar day advance written notice to the employees that were terminated as a result of the Harrison and Hancock County contract termination. Count II claimed that Mobile Medic failed to pay overtime pay as required by 29 U.S.C. § 207, by allegedly failing to include its retention bonus installments, sign on bonus installments, and stipends in the calculation of each employee's regular rate of pay.

3. Over the following year, the Parties participated in formal certification-related discovery, informal merits-related discovery, and engaged in class and collective certification motion practice.

4. Mobile Medic denies liability under Count I and vigorously contends that unforeseeable business circumstances led to the termination of the Hancock and Harrison County contracts, that as much notice as was practicable was given to affected employees, and that, at all times, Mobile Medic acted in accordance with the requirements of the WARN Act. Mobile Medic likewise denies liability under Count II and vigorously contends that all nondiscretionary, performance-based pay was properly included in the calculation of each employee's regular rate of pay and further contends that all nonexempt employees were properly paid overtime in accordance with 29 U.S.C. § 207.

5. Notwithstanding, and without admitting or conceding any liability or damages whatsoever, the Parties reached an agreement to settle the claims brought in the Lawsuit. Mobile Medic has agreed to settle the Lawsuit on the terms and conditions outlined in the Settlement Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit.

6. The Parties filed a Joint Motion for Preliminary Settlement Approval (the "Preliminary Approval Motion") on July 31, 2025. [Doc. 38, 39]. The Court granted preliminary approval of the Settlement Agreement on August 1, 2025, and scheduled a Fairness Hearing for November 13, 2025. [Doc. 40].

7. For the reasons set forth in the supporting Brief in Support of Unopposed Motion for Final Approval of Settlement, Plaintiff requests the Court enter an order (I) granting final approval of the Settlement Agreement, (II) approving Class Counsel's attorney fees and costs, (III) approving the Class Representative's Service Award, and (IV) approving the Settlement Administrator's fees and expenses.

This the 5th day of November, 2025.

By: */s/ William "Jack" Simpson*
William "Jack" Simpson, MBN 106524
Simpson, PLLC
100 S Main Street
Booneville, MS 38829
Phone: (662)913-7811
jack@simpson-pllc.com

***Counsel for the Plaintiff***

## **CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

This the 5th day of November, 2025.

                                                */s/ William "Jack" Simpson*
                                                William "Jack" Simpson