IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANDIN OLIVER, on behalf of himself and all others similarly situated | : : : | No. 1:24-cv-180-HSO-BWR |
| Plaintiff, | : | |
| v. | : : | |
| MOBILE MEDIC AMBULANCE SERVICES, INC. | : : : | |
| Defendant. | | |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

THIS MATTER came on before the Court on Plaintiff's Unopposed Motion for Final Settlement Approval and Brief in Support (the "Unopposed Motion") filed by Plaintiff Brandin Oliver. The Court, having jurisdiction to consider the Unopposed Motion, having reviewed the Unopposed Motion, the Settlement Agreement, the supplemental submissions, the Notice of Pendency of Class Action (the "Class Notice"), Proposed Settlement, and having considered the arguments made at the Final Fairness Hearing held on November 13, 2025, and all responses and replies thereto, HEREBY FINDS AS FOLLOWS:

A.     The Settlement Agreements provide for a class action settlement of the claims alleged in *Brandin Oliver v. Mobile Medic Ambulance Services, Inc.,*, Case No. 1:24-cv-180-HSO-BWR (the "Lawsuit"). The Court has considered the (i) allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings previously filed in this case; (ii) information, arguments, and authorities provided by Plaintiff in the Unopposed Motion; (iii) the terms of the Settlement Agreement, including, but not limited to, the definition of the Class and the benefits to be provided to the Class; and (iii) the Settlement's elimination of any potential manageability issue that may otherwise have existed if the Adversary Proceeding continued to be litigated.

B. The Court finds that the following requirements for class certification under Rule 23 are met: (a) the number of Class Members contains approximately 36 members and is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class Members; (c) Plaintiff's claims are typical of the claims of the Class Members they seek to represent for purposes of the Settlement; (d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Class and will continue to do so; (e) questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

C. The Class Notice was mailed to all members of the Class by first-class mail, postage prepaid, on September 17, 2025, which provided Class Members with the greatest opportunity to receive notice. The Court finds the Class Notice satisfies all the requirements of Rule 23(c)(2)(B).

D. The deadline to opt-out or object to the Settlement was November 1, 2025. No class members have submitted objections to or requests for exclusion from the Settlement.

E. The Court finds that the Settlement satisfies the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is fair, reasonable, and adequate to the Class Members.

F. The Court finds that the Class Representatives and Class Counsel have adequately represented the class, as required under Rule 23(e)(2)(A). The Parties have reached the Settlement after investigating the strengths and weaknesses of the claims.

G. The Court finds that the extensive negotiations over the settlement agreement were contentious and arm's-length, as required under Rule 23(e)(2)(B). There is no evidence of collusion in reaching this Settlement.

H. The Court finds that the relief provided for the class is adequate, as required under Rule 23(e)(2)(C). Specifically, the settlement avoids the significant costs, risks, and delays

associated with continued litigation, trial, and potential appeals. The proposed method of distributing relief to the class, including the process for submitting and processing claims, is fair, reasonable, and effective. The terms of the proposed award of attorney's fees, including the timing of payment, are reasonable and consistent with the applicable legal standards. The Court finds that the settlement proposal treats class members equitably relative to each other, as required under Rule 23(e)(2)(D). The allocation of relief among class members is fair and reasonable, taking into account the nature of their claims and the damages.

The Court, having found the legal and factual bases set forth in the Unopposed Motion establish good cause for the relief granted herein, **NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Settlement Agreement is APPROVED pursuant to Fed. R. Civ. P. 23.

2. The Court awards Class Counsel attorneys' fees of $41,666.67 and litigation costs of $4,221.85.

3. The Court approves the Service Award to Plaintiff, Brandin Oliver, in the amount of $6,000.00.

4. The Court approves ILYM Group's request for $6,200.00 for its work in administering the Settlement.

5. The Court finally CERTIFIES the Class for settlement purposes. The Court FINDS that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied in all respects, including numerosity, commonality, typicality, adequacy, predominance, and superiority.

6. The Court FINALLY APPROVES the designation of Plaintiff Brandin Oliver as Class Representative and FINALLY APPROVES the appointment of Simpson, PLLC as Class Counsel.

7. All members of the Class who have not submitted a valid and timely Request for Exclusion shall be bound by the terms of the Settlement Agreements, the Final Judgment, and this Order.

**SO ORDERED AND ADJUDGED**, this the 13th day of November, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

By: */s/ William "Jack" Simpson*
William "Jack" Simpson, MBN 106524
Simpson, PLLC
100 S Main Street
Booneville, MS 38829
Phone: (662)913-7811
jack@simpson-pllc.com

*Counsel for the Plaintiff*

By: */s/ Maja Veselinovic*
Patrick F. Hulla (pro hac vice)
patrick.hulla@ogletree.com
700 W. 47th St., Suite 500
Kansas City, MO 64112
Telephone: (816) 410-2226
Facsimile: (816) 471-1303

Maja Veselinovic (pro hac vice)
maja.veselinovic@ogletree.com
9130 S. Dadeland Blvd., Suite 1625
Miami, FL 33156
Telephone: (305) 374-0503
Facsimile: (305) 374-0456

                    Juan B. Hernandez (MS Bar No. 104787)
                    *juan.hernandez@oglestreedeakins.com*
                    One Allen Center
                    500 Dallas Street, Suite 2100
                    Houston, Texas 77002
                    Telephone: (713) 655-5755
                    Facsimile: (713) 655-0020

                    ***Counsel for Defendant***